IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UJU ONUACHI, | ) | CIVIL ACTION NO.: 4:17-CV-3114 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MASTER BUILDERS INC., D/B/A | ) | |
| HARRY S. PETERSON COMPANY, | ) | DEFENDANTS MASTER BUILDERS |
| HARRY S. PETERSON COMPANY, | ) | INC., D/B/A HARRY S. PETERSON |
| WESTERN WATERPROOFING | ) | COMPANY, HARRY S. PETERSON |
| CO., INC. A SUBSIDIARY OF THE | ) | COMPANY, AND WESTERN |
| WESTERN GROUP, THE ALLIANCE | ) | WATERPROOFING CO., INC., A |
| GROUP INC., MEYLAN | ) | SUBSIDIARY OF THE WESTERN |
| ENTERPRASISE INC., ALEGENT | ) | GROUP'S BRIEF IN SUPPORT OF |
| HEALTH IMMANUEL MEDICAL | ) | THEIR MOTION TO DISMISS |
| CENTER, BODO W. TREU MD, DAVID | ) | PLAINTIFF'S COMPLAINT |
| A. STERNS MD, REBECCA S. | ) | |
| RUNDLETT MD, DENNIS R. | ) | |
| RIEKENBERG, JOHN R. TIMMERMIER, | ) | |
| AND JOHN K. GREEN, | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW Defendants Master Builders, Inc., d/b/a Harry S. Peterson Company, Harry S. Peterson Company, and Western Waterproofing Co., Inc., a Subsidiary of The Western Group, and respectfully submit this Brief in support of their Motion filed contemporaneously with this Brief.

I. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE.

A. No Federal question:

Even the caption of this case shows that it is brought under Nebraska common law. Plaintiff lists his alleged on-the-job injuries, and then he lists: (1.) Fraud in the concealment, (2.) Deformation [sic] of character, (3.) Declaratory relief, (4.) Fraud in the Concealment, (5.) Fraud in the dispose of [sic], (6.) Declaratory relief, (7.) Breach of

applicable standard of medical care, (8.) Medical malpractice, (9.) conversion, (10.) Independent action, (11.) Intentional Infliction of Emotional Distress.   (Doc. #1, p. 1). Some of these things are not even causes of action under Nebraska's common law, but to the extent that they are actual torts or constitute claims, they are based on state law, not federal law.

The only federal statutes that Plaintiff cites are 28 U.S.C § 1331 (federal question jurisdiction), 28 U.S.C § 1332 (diversity), and 28 U.S.C § 1367 (supplemental jurisdiction). The only point at which he cites any federal case law is with respect to a fraud claim against Dennis R. Rickenberg, John R. Timmermier, and John K. Green. (Doc. # 1., pp. 89-93).   Although he cites federal case law, he does not actually state a claim under federal law.   What he seems to be alleging is that fraud in a federal case would render the decision of a federal court invalid.   (Doc. #1, ¶ 319).   However, what he seeks to have this Court rule invalid are orders of the Nebraska Worker's Compensation Court, so federal law regarding fraud is not applicable, and no viable cause of action arises thereunder.

   B. **Complete Diversity is missing.**

The applicable statute provides, in relevant part, as follows:

**§ 1332. Diversity of citizenship; amount in controversy; costs**

(a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between—

(1)  Citizens of different States;

(2)  citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title [28 USCS § 1603(a)], as plaintiff and citizens of a State or of different States.

28 U.S.C.S. § 1332 (LexisNexis 2017)(emphasis added).

"Subject matter jurisdiction asserted under 28 U.S.C. § 1332 may be maintained only where there is complete diversity, that is 'where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Junk v. Terminix Int'l Co., Ltd. P'ship.*, 628 F.3d 439, 445 (8th Cir. 2010), cert. denied, 132 S. Ct. 94, 181 L. Ed. 2d 24 (2011), quoting In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir.), cert. denied, 131 S. Ct. 474, 178 L. Ed. 2d 290 (2010).

From the face of Plaintiff's Complaint, it is clear that complete diversity is lacking. Plaintiff alleges that he is a resident of Nebraska. (Doc. # 1, ¶ 1). He also alleges that Defendant Western Waterproofing is a Nebraska Corporation (Doc. # 1, ¶ 4), and that Defendants Dennis R. Rickenberg, John R. Timmermier, and John K. Green (among others) are residents of Nebraska. (Doc. # 1, ¶¶ 11-13). Thus, citizens of Nebraska are on both sides of the "v" and there is no complete diversity. 28 U.S.C.S. § 1332 does not afford Plaintiff jurisdiction.

II. **THIS CASE IS BARRED BY THE EXCLUSIVITY DOCTRINE.**

Under the Nebraska Worker's Compensation Act, when an employer and an employee are subject to the Act, claims by the employee against the employer, other than claims brought pursuant to the Act, are barred by the exclusivity rule. *Daniels v. Pamida, Inc.*, 251 Neb. 921, 924, 561 N.W.2d 568, 570 (1997) ("The Nebraska Workers' Compensation Act is an employee's exclusive remedy against an employer for an injury

arising out of and in the course of employment."). The Nebraska Worker's Compensation Act provides as follows:

> **§ 48-111. Elective compensation; election; effect; exemption from liability; exception.**
>
> Such agreement or the election provided for in section 48-112 shall be a surrender by the parties thereto of their rights to any other method, form, or amount of compensation or determination thereof than as provided in the Nebraska Workers' Compensation Act, and an acceptance of all the provisions of such act, and shall bind the employee himself or herself, and for compensation for his or her death shall bind his or her legal representatives, his or her surviving spouse and next of kin, as well as the employer, and the legal representatives of a deceased employer, and those conducting the business of the employer during bankruptcy or insolvency. For the purpose of this section, if the employer carries a policy of workers' compensation insurance, the term employer shall also include the insurer. The exemption from liability given an employer and insurer by this section shall also extend to all employees, officers, or directors of such employer or insurer, but such exemption given an employee, officer, or director of an employer or insurer shall not apply in any case when the injury or death is proximately caused by the willful and unprovoked physical aggression of such employee, officer, or director.

Neb. Rev. Stat. § 48-111 (LexisNexis 2016). *See also Johnston v. State*, 219 Neb. 457, 364 N.W.2d 1 (1985)(wherein the Nebraska Supreme Court held that a husband could not recover for his loss of consortium claim in district court because worker's compensation was the exclusive remedy).

In addition, under the Nebraska Worker's Compensation statutes, when an employee submits a question to the Workers' Compensation Court, doing so releases any other claims:

> **48-148. Compensation; action to recover; release of claim at law**
>
> If any employee, or his or her dependents in case of death, of any employer subject to the Nebraska Workers' Compensation Act files any claim with, or accepts any payment from such employer, or from any insurance company carrying such risk, on account of personal injury, or makes any agreement, or submits any question to the Nebraska Workers' Compensation Court under such act, such action shall constitute a release

4

>to such employer of all claims or demands at law, if any, arising from such injury.

Neb. Rev. Stat. § 48-148 (LexisNexis 2016).   See also Pittman v. W. Eng'g Co., 283 Neb. 913, 928, 813 N.W.2d 487, 498 (2012) (holding that the plaintiff's bystander negligent infliction of emotional distress claim against his employer for the emotional distress that he suffered when his co-worker wife was killed on the job was barred by § 48-148 because the claim logically arose from the workplace injury).

Western Waterproofing Company, Inc. was a named Defendant in the case Plaintiff filed in the Nebraska Workers' Compensation Court, as can be seen from the documents that Plaintiff filed with this Court.   (Doc. #2, p. 20).   Likewise, at another point, Meylan Enterprises Inc., the Alliance Group and the Harry S. Peterson Company were Defendants in Plaintiff's Workers' Compensation action, as can be seen from other of the documents submitted by Plaintiff to this Court.   (Doc. #2, p. 11).   Plaintiff was awarded compensation from the Nebraska Workers' Compensation Court, and the Defendants paid what was ordered.   (Doc. #2, p.17; Doc. #2, p.23).

Pursuant to § 48-148, set forth above, once Plaintiff filed his claims with the Workers' Compensation Court (and arguably even before that point), he could not bring any related claims in district court, whether that be state court or federal court.   He chose to pursue his claims in workers' compensation court, and that court then had exclusive jurisdiction over those claims. All of Plaintiff's claims against Defendants Master Builders, Inc., d/b/a Harry S. Peterson Company, Harry S. Peterson Company, and Western Waterproofing Co., Inc., a Subsidiary of The Western Group arise out of his alleged workplace injuries.   He has also alleged medical malpractice claims (to the extent it can be said he stated a claim at all, which is questionable at best) against

some of the other defendants, but those too are all related to his alleged workplace injuries in a convoluted way. In any case, this Court does not have jurisdiction over these employment-related claims that Plaintiff has filed against Defendants Master Builders, Inc., Harry S. Peterson Company, and Western Waterproofing Co., Inc. All of the claims against these defendants arose out of Plaintiff's alleged workplace injuries, and as such are barred by the exclusivity rule just like the plaintiff's claims were barred in *Pittman v. W. Eng'g Co.* (cited above).

### III. THIS CASE IS BARRED BY RES JUDICATA OR CLAIM PRECLUSION

In the case at bar, Plaintiff/Appellant Uju Onuachi is engaging in repetitive litigious conduct similar to that found in the Glenn Waite and Billy Roy Tyler cases. *See Waite v. Carpenter*, 3 Neb. App. 879, 533 N.W.2d 917 (1995); *Tyler v. Stennis*, 10 Neb. App. 655, 657-58, 635 N.W.2d 550, 552 (Neb. Ct. App. 2001). Mr. Onuachi claims were resolved long ago by the Nebraska Worker's Compensation Court, but he continues to file new motions and complaints related to the same claims. *See Onuachi v. Meylan Enterprises, Inc.*, et al., Doc: 199 No: 2302; Doc: 200 No: 0874, 2014 NE Wrk. Comp. LEXIS 119, (Neb. Work. Comp. Ct., Jan. 30, 2014) (providing procedural history). See also the Order Plaintiff filed as Exhibit E (Doc. #2, pp. 20-25), which provides a history of his filings with the Worker's Compensation Court prior to 2014.

The doctrine of res judicata prevents a party from re-litigating a claim, in any later litigation, upon which he has already received final judgment. *Acosta v. Seedorf Masonry, Inc.*, 253 Neb. 196, 1999 (1997). This doctrine generally operates so as to bar every question which was or might have been presented and determined in the first action. *Sidel v. Spencer Foods*, 215 Neb. 325, 328, 338 N.W.2d 616, 618 (1983). *See also Knapp v. City of Omaha*, 175 Neb. 576, 583, 122 N.W.2d 513, 518 (1963)

(affirming the trial court's decision to grant a demurrer based on res judicata and holding that the court properly took judicial notice of its prior decision on the consideration of the defendants' motion).

"Res judicata refers to claim preclusion, while collateral estoppel refers to issue preclusion, two different concepts, although the two terms are often used together." *Billingsley v. BFM Liquor Management, Inc.*, 264 Neb. 56, 65, 645 N.W.2d 791, 799-800 (2002)(citing *Hickman v. Southwest Dairy Suppliers, Inc.,* 194 Neb. 17, 230 N.W.2d 99 (1975)). "[U]nder res judicata, 'a final judgment on the merits is conclusive upon the parties in any later litigation involving the same cause of action.'" *Billingsley*, 264 Neb. at 65, 645 N.W.2d at 800(citing *Woodward v. Andersen,* 261 Neb. 980, 987, 627 N.W.2d 742, 749 (2001)). "Under collateral estoppel, when an issue has been determined by a final judgment, that issue cannot again be litigated between the same parties in a 'future lawsuit.'" *Id.*

Plaintiff's claims have been fully litigated so many times that the Nebraska Worker's Compensation Court found his claims to be frivolous and malicious and instructed the Clerk of the Court not to accept any more of his filings. (Doc. #2, p. 25). In such a case, res judicata is an appropriate basis for dismissal. *See Waite v. Carpenter*, 1 Neb. App. 321, 331, 496 N.W.2d 1, 7 (Neb. Ct. App. 1992) and *Waite v. Carpenter*, 3 Neb. App. 879, 880-881, 533 N.W.2d 917, 919 (Neb. Ct. App. 1995)(wherein the Court of Appeals held that its "previous decision conclusively settled the matter of whether these lawsuits were to be dismissed" is binding upon this Court and shows that these issues are res judicata.

This is not a case that should be allowed to move forward. Plaintiff has already been a financial drain on the courts and on the defendants named herein. He should

be stopped as quickly as possible from proceeding with his frivolous and malicious prosecution. To that end, Defendants Master Builders, Inc., d/b/a Harry S. Peterson Company, Harry S. Peterson Company, and Western Waterproofing Co., Inc., a Subsidiary of The Western Group, respectfully ask this Court to dismiss this case against them with prejudice.

WHEREFORE, for the reasons set forth above, these Defendants respectfully ask that this Court dismiss Plaintiff's Complaint with prejudice.

DATED this 22nd day of September, 2017.

    MASTER BUILDERS, INC., d/b/a HARRY S. PETERSON COMPANY, HARRY S. PETERSON COMPANY, AND WESTERN WATERPROOFING CO., INC., A SUBSIDIARY OF THE WESTERN GROUP, Defendants,

By: */s/ Krista M. Carlson*
    Stephen L. Ahl, #10036
    Krista M. Carlson, #23905
    Wolfe, Snowden, Hurd, Luers & Ahl, LLP
    Wells Fargo Center
    1248 "O" Street, Suite 800
    Lincoln, NE 68508
    PH: (402) 474-1507
    FAX: (402) 474-3170
    EM: sahl@wolfesnowden.com
        kcarlson@wolfesnowden.com

## CERTIFICATE OF SERVICE

I electronically filed the foregoing ***Defendants Master Builders Inc., d/b/a Harry S. Peterson Company, Harry S. Peterson Company, and Western Waterproofing Co., Inc., a subsidiary of The Western Group's Brief in Support of their Motion to Dismiss Plaintiff's Complaint*** on this 22nd day of September, 2017, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Milton A. Katskee
Dean F. Suing
Govier, Katskee, Suing & Maxell, P.C., L.L.O.
10404 Essex Court, Suite 100
Omaha, NE 68114
milt@katskee.com
dean@katskee.com
***Attorney for Dennis R. Riekenberg***

David Welch
Kellie Chesire
Pansing Hogan Ernst & Bachman LLP
10250 Regency Circle, #300
Omaha, Nebraska 68114
dwelch@pheblaw.com
kolson@pheblaw.com
***Attorneys for Alegent Health Immanuel Medical Center, Bodo W. Treu, M.D., Rebecca S. Rundlett, M.D.***

and I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non CM/ECF participants:

Uju Onuachi
P.O. Box 94646
Lincoln, NE 68509
***Pro Se Plaintiff***

John R. Timmermier
Timmermier, Gross & Prentiss
8712 West Dodge Road, Suite 401
Omaha, NE 68114

The Alliance Group, Inc.
2566 Leavenworth Street
Omaha, NE 68105
Meylan Enterprises, Inc.,
6225 South 60th Street
Omaha, NE 68117

David A. Sterns, MD
Heart Consultants, PC
6828 N. 72nd Street
Omaha, NE 68122

John K. Green
Overland Wolf
6910 Pacific Street, Suite 208
Omaha, NE 68106

*/s/ Krista M. Carlson*
Krista M. Carlson, #23905

9