# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UJU ONUACHI,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>MASTER BUILDERS, INC., HARRY S. PETERSON COMPANY, WESTERN WATERPROOFING CO., INC., A subsidiary of the Western Group; THE ALLIANCE GROUP INC., MEYLAN ENTERPRASISE INC., ALEGENT HEALTH IMMANUEL MEDICAL CENTER, BODO W. TREU, MD; DAVID A. STERNS, MD; REBECCA S. RUNDLETT, MD; DENNIS R. RIEKENBERG, JOHN R. TIMMERMIER, and JOHN K. GREEN,<br><br>　　　　　　Defendants. | 4:17CV3114<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the Court on the Motion to Alter or Amend Judgment, ECF No. 67 (Motion to Alter), filed by Plaintiff Uju Onuachi; the Motion to Dismiss, ECF No. 73, filed by Onuachi; the Motion for Permanent Injunction and Attorney's Fees, ECF No. 74, filed by Defendant The Alliance Group Inc.; the Motion to Dismiss, ECF No. 76, filed by Onuachi, the Motion for Permanent Injunction and Attorney Fees, ECF No. 81, filed by Defendants Master Builders, Inc., D/B/A Harry S. Peterson Company, Harry S. Peterson Company, and Western Waterproofing Co., Inc., a Subsidiary of The Western Group (collectively, Master Builder); and the Motion for Permanent Injunction and Attorney Fees, ECF No. 85, filed by Defendant Dennis R. Riekenberg. For the reasons stated below, the motions will be denied.

## BACKGROUND

Onuachi filed the present action in August of 2012, alleging claims for "Fraud in the Concealment," "Deformation [sic] of Character," "Declaratory Relief," "Fraud in the Concealment," "Fraud in the Disposal Of," "Declaratory Relief," "Breach of Applicable Standard of Medical Care," "Medical Malpractice," "Conversion," "Independent Action," and "Intentional Infliction of Emotional Distress." Compl. ¶¶ 224–341, ECF No. 1, Page ID 61–96. On September 13, 2017, Magistrate Judge Michael D. Nelson entered an Order to Show Cause, ECF No. 21, which stated "[c]onstruing Plaintiff's complaint liberally, the Complaint fails to show any manner in which this court could find a basis for jurisdiction based on either diversity of citizenship or a federal question arising under the Constitution, law, or treaties of the United States" and that "the record reflects there is no diversity of citizenship." *Id.*, ECF No. 270. Notably, several defendants appear to be citizens of the same state as Onuachi, thus destroying complete diversity.

Onuachi stated in his response to the show cause order, ECF No. 36 (Response), that "[t]he real-parties-in-interest defendants . . . are Master Builders Inc. d/b/a Harry S. Peterson Company and Harry S. Peterson Company" and thus, complete diversity was present. *Id.*, Page ID 527 (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.")).

The various defendants filed several motions to dismiss. *See* ECF Nos. 23, 29, 32, 34, 49, 59, 61, and 63. Onuachi did not respond to the motions.[1] The Court granted the motions to dismiss on December 18, 2017, in an Order, ECF No. 66 (Order

---

[1] Onuachi's brief supporting his Motion to Alter states "[s]ince, the subject matter in Defendants' motions is contrary to Plaintiff's subject matter in the petition and in [the Response], Plaintiff could not respond to Defendants' motions." ECF No. 68, Page ID 636.

of Dismissal), finding that Onuachi's complaint failed to allege sufficient facts to demonstrate that the Court had jurisdiction, and dismissing Onuachi's complaint without prejudice. The Court did not enter judgment at that time. The Order of Dismissal did not address arguments regarding real-parties-in-interest and complete diversity.

Onuachi filed the Motion to Alter, arguing that he had sufficiently alleged jurisdiction in the Response and the Jurisdictional Statement of his Complaint, ECF No. 1, Page ID 4–5. Also before the Court are three motions to enjoin Onuachi from further filings and for attorney's fees, ECF Nos. 74, 81, & 85, filed by various defendants, due to Onuachi's repeated filing of claims in various courts regarding his work injuries.

**MOTION TO ALTER, ECF NO. 67, AND MOTIONS TO DISMISS, ECF NOS. 73 & 76**

**I. Legal Standard**

"Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (quoting *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).

**II. Discussion**

In his Motion to Alter, Onuachi essentially argues that the Order of Dismissal was manifestly erroneous because the Court overlooked the Complaint's jurisdictional statement and the Response.

3

As addressed in the Order of Dismissal, the Complaint does not properly allege the citizenship of multiple defendants, although it implies that some defendants are citizens of Nebraska, as is Onuachi. The Jurisdictional Statement invokes both the Court's diversity jurisdiction and federal question jurisdiction, but it does not establish complete diversity or cite a statutory basis for any of its claims.[2]

In his Response, Onuachi argues that complete diversity is present because the Court should only consider "real-parties-in-interest" in determining diversity, and that these real defendants are citizens of states different from Onuachi's state of citizenship. Oniachi argues that Defendants Green, Timmermier, Riekenberg, and Meylan Enterprise, Inc., are all formal or nominal defendants, who do not affect diversity.[3]

The Response does not address the citizenship of Defendant Alegent Health Immanuel Medical Center (Alegent). The Complaint does not contain any allegations of Alegent's citizenship, but merely states that "[a]t all relevant times, Defendant Alegent Health Immanuel Medical Center has been and is a Health Care Facility at 6901 North 72nd Street, Omaha Nebraska . . . ." Complaint ¶ 7, ECF No. 1, Page ID 3.

---

[2] The Complaint states that "pursuant to 28 U.S.C. § 1331 this Court has jurisdiction over Plaintiff's Phrenic Nerve Palsy petition because a Federal Question Jurisdiction exist." Complaint ¶ 18, ECF No. 1, Page ID 5. Section 1331 merely establishes the Court's original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1331 "serve[s] as a basis for jurisdiction, only when the complaint pleads a violation of a substantive right under a distinct federal statute, or the United States Constitution." *Patel v. Chertoff*, No. 4:06CV01207 ERW, 2007 WL 1223553, at *2 (E.D. Mo. Apr. 24, 2007) (citing *Sabhari v. Reno*, 197 F.3d 938, 943 (8th Cir. 1999)). No such substantive rights under statute or the Constitution have been alleged. Because Onuachi has not alleged a basis for original jurisdiction of any claims, his reliance on 28 U.S.C. § 1367, invoking supplemental jurisdiction, fails as well. *See* 28 U.S.C. § 1367(a).

[3] Specifically, the Response argues that "Defendants, Dennis R. Riekenberg, John R. Timmermier, and John K. Green were included because they are Nebraska attorneys, who represented [Master Builder]," ECF No. 36, Page ID 528, and that "[t]hese Nebraska attorneys practiced 'Fraud upon the Court' on behalf of the real-parties-in-interest defendants therefore, they are nominal parties," *id.*, Page ID 529.

The Response is contradicted by the Complaint, which makes plain that Green, Riekenberg, Meylan Enterprises, and Immanuel are all real-parties-in-interest. The Complaint's Fifth Cause of Action, captioned "Fraud in the Disposal of," is specifically brought against Alegent, Riekenberg, Green, and Meylan Enterprises, among others, and alleges that "Defendants Alliance Group Inc. and Meylan Enterprises Inc. along with their attorneys of record[], Defendants, Dennis R. Riekenberg and John K. Green fraudulently [colluded] with the Defendants Alegent Health Immanuel Medical Center, Dr. Bodo W. Treu and Dr. David A. Sterns and fraudulently implanted a 'Permanent Peacemaker' [sic] in Plaintiff to dispose[] of Plaintiff's Phrenic Nerve Palsy injury." Complaint ¶ 261, ECF No. 1, Page ID 73.

"[T]he Supreme Court has repeatedly held that parties who have a real interest in the litigation, who are the subjects of a real cause of action . . . will not be considered merely nominal or formal parties. *Fisher v. Dakota Comty. Bank*, 405 F. Supp. 2d 1089, 1095 (D.N.D. 2005) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *Massachusetts & S. Const. Co. v. Township of Cane Creek*, 155 U.S. 283 (1894); *Crump v. Thurber*, 115 U.S. 56 (1885)).

Although the Complaint specifically seeks compensation for job-related injuries suffered through Onuachi's employment with Master Builder, the Complaint seeks general, specific, and punitive damages from all defendants. Accordingly, the Court concludes that Alegent, Green, and Rikenberg, all of whom are alleged to be responsible for certain of Onuachi's injuries, are not merely formal defendants.

The Court is conscious of its duty to construe pro se complaints liberally. But this duty does not empower the Court to create jurisdiction where none exists. Onuachi has

not established that the Order of Dismissal made any "manifest error" of law or fact, and the Motion to Alter will be denied.

Finally, Onuachi's filings at ECF Nos. 73 & 76, both captioned motions to dismiss, appear to be Onuachi's reply briefs related to his Motion to Alter, in which he asks the Court to strike Defendants' opposition briefs. The filing at ECF No. 76 asks "does statute of limitations prevent [the Court] from hearing the Defendants . . . opposition . . . .?" *Id.*, Page ID 705. Defendants timely responded to the Motion to Alter, and to the extent ECF Nos. 73 & 76 function as motions, they will be denied.

## MOTIONS TO ENJOIN, ECF NOS. 74, 81, & 85

The three motions for permanent injunction and attorney's fees all seek substantially the same relief, and rely on the same legal authority and underlying facts. *See* ECF Nos. 74, 81, & 85.

**I. Legal Standard**

The All Writs Act, 28 U.S.C. § 1651, states that district courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The act grants federal courts the power to "limit access to the courts by vexatious and repetitive litigants." *Payman v. Lee Cty. Cmty. Hosp.*, 2005 WL 735886 (W.D. Va. March 31, 2005) (citing *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004)). "The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits." *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam) (internal citations omitted) (quoting *People*

*of the State of Colorado v. Carter*, 678 F. Supp. 1484, 1486 (D. Colo. 1986)); *see Stebbins v. Stebbins*, 575 F. App'x 705 (8th Cir. 2014) (per curiam) (citing *Day v. Day*, 510 U.S. 1, 2 (1993) (per curiam)).

## II. Discussion

Defendants note that the Nebraska Workers Compensation Court (WCC) already issued rulings on the merits regarding those on-the-job injuries alleged in the Complaint. The WCC also ordered that its clerk not file any further proposed filings from Onuachi concerning those injuries, due to his repeated frivolous filings post-judgment. *See* ECF No. 75, Page ID 699 (citing ECF No. 2, Page ID 109–13; *id.*, Page ID 123–30). Onuachi also filed two lawsuits in the District Court for Lancaster County, Nebraska, relating to these same injuries, as well as three suits in this Court. *See* ECF No. 6 in Case No. 8:04-cv-358 (dismissing Onuachi's *in forma pauperis* claims under 28 U.S.C. § 1915(e)(2)); ECF No. 40 in 8:04-cv-220 (dismissing Onuachi's claims, with prejudice, as time barred); ECF No. 43 in Case No. 8:03-cv-293 (dismissing Onuachi's claims as time barred).

Onuachi appears to argue that the present action does not seek to re-litigate past claims because it is a tort action for certain Defendants' fraudulent conduct committed in the course of the prior litigation. However, Onuachi's complaint makes clear that he is seeking relief for his work-related injuries, in addition to allegedly tortious conduct.

Although Onuachi's action appears to be frivolous, the Court concludes that an injunction and award of attorney's fees is inappropriate at this time. Because Onuachi's work-injury claims now have been dismissed three times by this Court, it will amend its dismissal to a dismissal with prejudice. The Court also will dismiss Onuachi's remaining

7

claims with prejudice, because Onuachi's own filings have made plain that any attempt to cure their jurisdictional deficiencies would be futile. *See Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("A district court may deny leave to amend if there are compelling reasons such as . . . futility of the amendment. Duplicative and frivolous claims are futile." (internal quotation marks and citations omitted)).

The Court cautions Onuachi that any further filings in this Court touching on the subject matter of this action likely will result in the imposition of a permanent injunction against further filings and an award of attorney's fees for the defendants. *See Bass v. Gen. Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) ("A district court is vested with discretion to impose sanctions upon a party under its inherent disciplinary power.").

## CONCLUSION

For the reasons stated above, all pending motions will be denied, the above-captioned action will be dismissed with prejudice, and a separate judgment will be entered. Accordingly,

IT IS ORDERED:

1. The Motion to Alter or Amend Judgment, ECF No. 67, filed by Plaintiff Uju Onuachi, is denied;

2. The Motion to Dismiss, ECF No. 73 filed by Plaintiff Uju Onuachi, is denied;

3. The Motion for Permanent Injunction and Attorney's Fees, ECF No. 74, filed by Defendant The Alliance Group Inc., is denied;

4. The Motion to Dismiss, ECF No. 76, filed by Plaintiff Uju Onuachi, is denied;

5. The Motion for Permanent Injunction and Attorney Fees, ECF No. 81, filed by Defendants Master Builders, Inc., D/B/A Harry S. Peterson Company, Harry S. Peterson Company, and Western Waterproofing Co., Inc., a Subsidiary of The Western Group, is denied;

6. The Motion for Permanent Injunction and Attorney Fees, ECF No. 85, filed by Defendant Dennis R. Riekenberg, is denied; and

7. The above-captioned action is dismissed, with prejudice; and

8. A separate judgment will be entered.

Dated this 15th day of February, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge