IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UJU ONUACHI, | |
| Plaintiff, | |
| vs. | 4:17CV3114 |
| MASTER BUILDERS, INC. d/b/a HARRY S. PETERSON COMPANY; HARRY S. PETERSON COMPANY; WESTERN WATERPROOFING CO., INC., a subsidiary of the Western Group; THE ALLIANCE GROUP INC.; MEYLAN ENTERPRASISE INC.; ALEGENT HEALTH IMMANUEL MEDICAL CENTER; BODO W. TREU, MD; DAVID A. STERNS, MD; REBECCA S. RUNDLETT, MD; DENNIS R. RIEKENBERG; JOHN R. TIMMERMIER; and JOHN K. GREEN; | ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff's "Motion for Leave to File Amended Complaint to the Complaint of August 28, 2017." (Filing No. 111). Plaintiff's motion states that he seeks leave to amend his complaint to cure the defective allegations of subject matter jurisdiction. Plaintiff's motion will be denied.

Although motions for leave to amend a complaint are ordinarily liberally granted, "different considerations apply to motions filed after dismissal." *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993). Plaintiff's motion to amend comes several months after this case was dismissed for lack of subject matter jurisdiction, and more than two months after judgment was entered against him. See Filing No. 66 (dismissing the case on December 11, 2017); Filing No. 93 (entering judgment against Plaintiff on February 15, 2018).[1] "After a complaint is dismissed, the right to amend under Fed. R. Civ. P. 15(a) terminates." *Humphreys*, 990 F.2d at 1082. "[I]nterests of finality dictate that leave to amend should be less freely available after a final order has been entered." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009). Post-judgment leave to amend may be

---

[1] Plaintiff has also filed a Notice of Appeal to the Eighth Circuit Court of Appeals (Filing No. 94) as well as a Motion to Set Aside/Vacate the February 15, 2018, Judgment (Filing No. 106), which motion is pending in this court.

granted "if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014)(citing *Dorn v. State Bank of Stella*, 767 F.2d 442, 443-44 (8th Cir. 1985)). The Court must also take into account the "Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits." *Roop*, 559 F.3d at 824.

However, the Eighth Circuit has held that "to preserve the right to amend a complaint a party must submit a proposed amendment along with its motion." *Mask of Ka-Nefer-Nefer*, 752 F.3d at 742 (quoting *Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983)). Additionally, this court's local rules requires the party moving for leave to amend a pleading to "file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). In this case, Plaintiff did not submit a proposed amended complaint or identify what his proposed amendments are, or explain how such amendments would cure the subject matter jurisdiction deficiencies previously identified by the Court. Instead, Plaintiff merely alleges that he "wanths [sic] to amand [sic] the 'Causes of Action' of the Complain[t] and amend the defective allegations of the 'Subject Matter Jurisdiction' of his Complaint." (Filing No. 111 at p. 2). "Absent some indication as to what might be added to the complaint to make it viable, [a party] is not entitled to leave to amend." *Wolgin*, 722 F.2d at 395.

Finally, Plaintiff cites his pro se status as a reason why his motion should be granted. "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 834-35 n. 46 (1975); see also NEGenR 1.3(g)("[P]arties who proceed pro se are bound by and must comply with all local and federal procedural rules."). Plaintiff's motion provides no basis justifying leave to amend at this stage of the proceedings. Accordingly,

**IT IS ORDERED:** Plaintiff's "Motion for Leave to File Amended Complaint to the Complaint of August 28, 2017" (Filing No. 111) is denied.

Dated this 24th day of April, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge