IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UJU ONUACHI,<br><br>        Plaintiff,<br><br>vs.<br><br>MASTER BUILDERS, INC., HARRY S. PETERSON COMPANY, WESTERN WATERPROOFING CO., INC., A subsidiary of the Western Group; THE ALLIANCE GROUP INC., MEYLAN ENTERPRASISE INC., ALEGENT HEALTH IMMANUEL MEDICAL CENTER, BODO W. TREU, MD; DAVID A. STERNS, MD; REBECCA S. RUNDLETT, MD; DENNIS R. RIEKENBERG, JOHN R. TIMMERMIER, and JOHN K. GREEN,<br><br>        Defendants. | **4:17CV3114**<br>**4:18CV3147**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the identical Motions for Attorney Fees, Filing No. 147 in Case No. 4:17cv3114; Filing No. 139 in Case No. 4:18CV3147,[1] filed by Defendants Alegent Health Immanuel Medical Center d/b/a Alegent Creighton Health Immanuel Medical Center ("Immanuel Medical Center"), Bodo W. Treu, M.D., Rebecca S. Rundlett, M.D., and the Nebraska Heart Institute properly identified as Nebraska Specialty Network, LLC d/b/a Nebraska Heart Institute ("Nebraska Heart Institute"). For the reasons stated below, the Motions will be granted.

**I.     BACKGROUND**

The Court incorporates the discussion in its prior Memorandum and Order, Filing Nos. 112, 120, and 145 by reference, and provides the following summary:

---

[1] Because the Motions, supporting evidence, and relevant prior orders are identical, docket references in this Memorandum and Order are to filing numbers in Case No. 4:17cv3114.

Plaintiff Uju Onuachi previously filed an unsuccessful lawsuit against several of the Defendants based on the same subject matter of this action—a work-related injury from 1999 and allegations of fraud committed during various state and federal lawsuits initiated by Onuachi in connection with that injury. Onuachi has filed lawsuits on the same subject matter in at least thirteen other cases. See Filing No. 145 at 2–3.

The Court has continuously held that Onuachi's repeated claims are frivolous and cautioned him that further filings would result in an injunction and subject him to attorney's fees and costs. *See, e.g.*, Onuachi v. Master Builders, Inc., No. 4:17CV3114, 2018 WL 922135, at *4 (D. Neb. Feb. 15, 2018). Despite the Court's warnings, Onuachi continued to file claims and motions. On December 31, 2018, under the All Writs Act, 28 U.S.C. § 1651, the Court permanently enjoined Onuachi from "filing any further complaints, pleadings, motions, or other items with this Court based on the work-related injuries alleged . . . or any alleged fraudulent conduct related to that injury." *Onuachi v. Master Builders, et al.*, Case No. 18cv3147, Filing. No. 112 at 3 (D. Neb. Dec. 31. 2018) *summarily aff'd*, No. 19-1196 (8th Cir. Feb. 25, 2019).

Because Onuachi continued to file frivolous motions and other filings and once again violated the Court's injunction, Defendants were permitted to seek attorneys' fees and costs associated with opposing the motions and filings.[2]

## II.    DISCUSSION

This Court has previously held that attorney fees may be awarded against a pro se litigant under 28 U.S.C. § 1927, *Wallace v. Kelley*, No. 4:06CV3214, 2007 WL

---

[2] In Case No. 4:17cv3114, Onuachi filed additional motions for rehearing (Filing No. 146) and a filing docketed as an "evidentiary motion," (Filing No. 149). Both filings are frivolous and Onuachi's arguments have been addressed in the Court's previous orders. Accordingly, they are summarily denied.

2248105, at *3 (D. Neb. Aug. 1, 2007), and it is established that federal district courts may also award attorney fees against a party under its inherent power when that party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons[,]" United States v. Gonzalez-Lopez, 403 F.3d 558, 564 (8th Cir. 2005) (quoting Kelly v. Golden, 352 F.3d 344, 352 (8th Cir. 2003)).

To calculate a reasonable attorney's fee, "courts typically begin by using the lodestar method[,]" which "multiplies the number of hours reasonably expended by the reasonable hourly rates." Brewington v. Keener, 902 F.3d 796, 805 (8th Cir. 2018) (quoting Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005)). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." Id. "There is no precise rule or formula for making these determinations." Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 436–37 (1983)). A district court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for . . . limited success." Id. This Court "has generally approved rates between $225-325/hour for partners with less than 25 years of experience and rates of $175-200 for work done by associates." Petrone v. Werner Ents., Inc., 8:11CV401, 8:12CV307, 2018 WL 816250, at *6 (D. Neb. Feb. 9, 2018); see also J & J Sports Prods., Inc. v. Palomares, No. 8:18CV185, 2018 WL 6250607, at *1 (D. Neb. Nov. 29, 2018).

The defendants' motions request $720.00 for attorneys' fees only, representing 3.6 hours of work for Attorney David L. Welch, charged at $200/hour. The defendants' motions include an attached affidavit which detailed and itemized the amount of time spent on particular tasks by Mr. Welch. Mr. Welch has over thirty years' experience as a litigator and is a partner at the law firm of Pansing, Hogan, Ernst and Bachman, LLP. The

Court has reviewed the affidavit and the associated filings and concludes that $720.00 is a reasonable award.

Accordingly,

IT IS ORDERED:

1. Defendants' Motions for Attorney Fees, Filing No. 147 in Case No. 4:17cv3114; Filing No. 139 in Case No. 4:18CV3147; are granted;

2. Defendants are awarded $720.00 in attorneys' fees; and

3. Onuachi's Motions at Filing Nos. 146 and 149 are summarily denied.

Dated this 28th day of January, 2022.

                                                          BY THE COURT:

                                                          s/ Joseph F. Bataillon
                                                          Senior United States District Judge